# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WILLIAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>CORCORAN OFFICIALS, et al.,<br><br>        Defendants. | CASE NO. 1:07-cv-0235-OWW DLB PC<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.     Screening Order

     A.     Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was transferred to this Court on February 13, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the

pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

     B.    Plaintiff's Claims

Plaintiff is an inmate housed at Corcoran State Prison. Plaintiff contends he is being held in the Security Housing Unit (SHU) in violation of his constitutional rights. Plaintiff is seeking money damages and equitable relief.

The court has reviewed plaintiff's lengthy complaint in its entirety. For the reasons set forth below, plaintiff is required to file an amended complaint. In amending his complaint, plaintiff should utilize the following legal standards as guidance.

     1.    Linkage Requirement

Plaintiff has failed to link specific defendants with conduct that he contends violated his rights. "Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need not give an elaborate recitation of every fact he may ultimately rely upon at trial, but only a statement sufficient to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz, 534 U.S. at 511-12, 122 S.Ct. 992 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)).

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

1  42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal
2  Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)
3  (internal quotations omitted.) Section 1983 plainly requires that there be an actual connection or link
4  between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.
5  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
6  (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning
7  of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits
8  to perform an act which [that person] is legally required to do that causes the deprivation of which
9  complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v.
10 Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established
11 not only by some kind of direct, personal participation in the deprivation, but also be setting in
12 motion a series of acts by others which the actor knows or reasonably should know would cause
13 others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).
14      In filing his amended complaint, plaintiff must link all the named defendants with some
15 affirmative act or omission. In addition, plaintiff should keep in mind that supervisory personnel are
16 generally not liable under section 1983 for the actions of their employees under a theory of
17 respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal
18 link between him and the claimed constitutional violation must be specifically alleged. See Fayle
19 v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978),
20 cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory
21 of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory
22 defendants either: personally participated in the alleged deprivation of constitutional rights; knew
23 of the violations and failed to act to prevent them; or promulgated or "implemented a policy so
24 deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of
25 the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations
26 omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).
27      2.   SHU Confinement
28      Plaintiff appears to be claiming that he was assessed a SHU without due process of law. The

3

Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. Id. at 481-84. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

As previously stated, in order to pursue a claim for relief against defendants for denial of procedural due process, plaintiff must establish the existence of a liberty interest entitling him to procedural due process protections. The law has not recognized that inmates necessarily have a liberty interest in remaining free from segregation or solitary confinement, and plaintiff has alleged no facts that establish the existence of a liberty interest in remaining free from segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). The conclusory assertions that plaintiff was detained in the SHU are not sufficient to demonstrate that plaintiff had a liberty interest in remaining free from segregation. Because plaintiff has not established the existence of any liberty interest entitling him to procedural due process protections, plaintiff may not pursue any claims for relief for violation of the Due Process Clause.

D.     Conclusion

For the reasons set forth above, plaintiff's complaint is dismissed.  The court will provide plaintiff with the opportunity to file an amended complaint that complies with Rule 8(a) and sets forth for each defendant, *as briefly as possible*, what action that defendant took or failed to take.  Plaintiff should utilize the legal standards provided in this order for guidance.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend;

2.     The Clerk's Office shall send plaintiff a civil rights complaint form;

3.     Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4.     If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **August 20, 2008**            /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

5